IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPLICATION AND AFFIDAVIT OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT AUTHORIZING THE OPENING OF UNITED STATES PRIORITY MAIL PARCEL 9505 5100 4992 1110 3398 96 | Magistrate No. 21-881 **[UNDER SEAL]** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE
BY ELECTRONIC OR OTHER RELIABLE MEANS**

I, Adam E. Gaab being duly sworn, depose and state the following:

## I.    INTRODUCTION AND AGENT BACKGROUND

1.    I am a Special Agent with the USPS-OIG and have been so employed since August 2017.  As part of my duties, I am assigned to the Pittsburgh Resident Office, with an assigned territory of the Western Judicial District of Pennsylvania.   My responsibilities include investigations of narcotics, specifically pertaining to violations committed by employees of the United States Postal Service ("USPS").  Prior to working as a Special Agent with the USPS-OIG, I worked as a Special Agent with the United States Secret Service (USSS), where I was employed from January 2010 to August 2017.  As a Special Agent with the USSS, I was responsible for investigations of financial crimes such as access device fraud, bank fraud and forgery.  I also assisted with investigations dealing with the possession, manufacturing, and distribution of controlled substances.  I have assisted in undercover operations and executed various search and arrest warrants.  I have debriefed informants.  Before becoming a Special Agent, I received training at the Federal Law Enforcement Training Center (FLETC), where I was trained in narcotics trafficking, money laundering, undercover operations, confidential informants, and electronic and

physical surveillance techniques.  The following information has been obtained by me personally or has been provided to me by postal employees and other law enforcement officers.

2.      I am currently assigned to the DEA Pittsburgh Airport Office Group 63 and have been so employed since December 2019.  As a Task Force Agent, your Affiant has participated in a number of narcotics and money laundering investigations, which have resulted in the seizure of illegal drugs and evidence of drug violations, as well as the seizure of assets acquired with drug proceeds.  Your Affiant has conducted covert surveillance of suspected drug traffickers on numerous occasions, interviewed numerous individuals involved in the drug trafficking trade, participated in the execution of numerous search and arrest warrants, assisted in the arrest of drug traffickers, and assisted in the seizure of controlled substances.  Based upon the above experience, your Affiant is familiar with the modus operandi of persons involved in illicit distribution of controlled substances, as well as the terminology used by persons involved in the illicit distribution of controlled substances.  Your Affiant is aware that persons involved in the illicit distribution of controlled substances routinely attempt to conceal their identities, as well as the location at which drug transactions take place.

3.      Experience and drug trafficking intelligence have demonstrated that U.S Mail Priority Mail Express and Priority Mail, and United Parcel Service (UPS) parcels are commonly used to transport drugs and drug proceeds because of their reliability and the time constraints they place on law enforcement agents to execute a successful controlled delivery.

4.      I have been involved in the investigation and discovery of drug contraband and drug proceeds.  I have personally been the affiant for search warrants, including a warrant which has resulted in the discovery of controlled substances and drug proceeds.  My current assignment involves investigating the use of the U.S. Mail by drug traffickers, in which established drug

package profiles, surveillance, and drug detection dogs, among other investigative tools, are utilized.

5.      The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, review of records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.  Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, this affidavit does not set forth each and every fact learned by me during the course of this investigation.

## II.      PURPOSE OF THIS AFFIDAVIT AND THE SEARCH LOCATION

6.      On April 21, 2021, USPS-OIG SA Neil Carman recovered Priority Mail parcel bearing USPS tracking number 9505 5100 4992 1110 3398 96 ("**TARGET PARCEL**") from the Pennwood Place Processing and Distribution Center ("P&DC"), located at 51 Pennwood Place, Warrendale, PA 15086.

7.      The **TARGET PARCEL** is addressed to "TYLER GARRINGER, 208 HULL RUN RD., WAYNESBURG, PA 15370" with a return address of "AUSTIN GARRINGER, 1081 MCGEE DR, RENO, NV 89523."  The **TARGET PARCEL** is a brown box, measuring approximately 15" X 12" X 10" and weighing approximately 12 pounds and 15 ounces.  (A photograph of the shipping label on the parcel is addressed as Exhibit 1.)  The parcel is currently located in the Western District of Pennsylvania.

8.      Based on my training, experience, and knowledge of the investigation, I believe that the **TARGET PARCEL** possesses characteristics of other seized parcels that are associated with a drug trafficking organization operating in the Western District of Pennsylvania (and

elsewhere), which is led in the Western District of Pennsylvania by Derek HILLEBRAND ("the HILLEBRAND Drug Trafficking Organization" or "the HILLEBRAND DTO.")  For the reasons set forth below, including the intercepted communications, your Affiant submits that the **TARGET PARCEL** is associated with the HILLEBRAND DTO and that there is probable cause to believe that it contains controlled substance(s).

## III.   <u>PROBABLE CAUSE</u>

9.      Because this Affidavit is submitted for the limited purpose of establishing probable cause that the **TARGET PARCEL** contains evidence of violation(s) of Title 21, United States Code, Sections 841 and/or 846, I have not included every fact known to me that was gathered during this extensive investigation into the HILLEBRAND DTO.

### A.      **BACKGROUND OF THIS INVESTIGATION**

10.      A joint investigation conducted by the Drug Enforcement Administration (DEA), United States Postal Service – Office of Inspector General (USPS-OIG), Pennsylvania State Police (PSP), Homeland Security Investigations ("HSI"), and the United States Postal Inspection Service (USPIS) has revealed the HILLEBRAND DTO is an organization that is responsible for the trafficking and distribution of large amounts of methamphetamine and marijuana from California/Nevada to Pennsylvania through the United States Postal Service ("Postal Service") and United Parcel Service (UPS).  The HILLEBRAND DTO also transports narcotics proceeds from the distribution of controlled substances via the Postal Service to the Modesto/Manteca, CA area from Pennsylvania. Agents have reviewed characteristics of dozens of suspicious parcels and through that examination, believe that the Organization's parcels typically have similar characteristics, such as the mail type (i.e., priority U.S. Mail or UPS), origin (i.e., Modesto/Manteca), and the method of postage payment, the weight, and the destination/return

mailing addresses.  Agents believe that the Organization's parcels are usually priority mail parcels that originate in Modesto/Manteca, CA and Reno, NV area.

**B.  INTERCEPTED COMMUNICATIONS**

11.     On November 24, 2020, Chief United States District Judge Mark R. Hornak, Western District of Pennsylvania, at Misc. No. 20-1594, authorizing the initial interception of wire and electronic communications occurring over 470-330-0246 and 814-590-6231, both utilized by HILLEBRAND**.**  Investigators continued to monitor the lines until 11:59 PM on December 13, 2020, at which point Investigators ceased monitoring the lines.

12.     On December 22, 2020, Chief United States District Judge Mark R. Hornak, Western District of Pennsylvania, at Misc. No. 20-1594(a), authorizing the initial interception of wire and electronic communications occurring over 617-352-9880, which was utilized by HILLEBRAND.  The order expired at midnight on January 20, 2021, 30 days after the interception of communications began.

13.     On January 27, 2021, Chief United States District Judge Mark R. Hornak, Western District of Pennsylvania, at Misc. No. 20-1594(b), authorizing the renewed interception of wire and electronic communications  occurring over 814-590-6231, utilized by HILLEBRAND; authorizing the initial interception of wire and electronic communications occurring over 209-401-5074, utilized by CHARLAN; authorizing the initial interception of wire communications occurring over 814-232-5100, utilized by ADEKUNLE; and authorizing the initial interception of wire and electronic communications occurring over 814-661-0321, utilized by SCHOENING.  The interception of those wire and electronic communications began on January 27, 2021 and expired at midnight on February 25, 2021, 30 days after the interception of communications began.

14.     On February 22, 2021, Chief United States District Judge Mark R. Hornak, Western District of Pennsylvania, at Misc. No. 20-1594(c), authorizing the renewed interception of wire and electronic communications occurring over 209-401-5074, utilized by CHARLAN; authorizing the initial interception of wire and electronic communications occurring over 412-216-0999, utilized by CHARLAN; authorizing the initial interception of wire communications occurring over 209-641-2752, utilized by MALDONADO.   The interception of those wire and electronic communications began on February 23, 2021 and expired at midnight on March 24, 2021, 30 days after the interception of communications began.

15.     On April 7, 2021, Chief United States District Judge Mark R. Hornak, Western District of Pennsylvania, at Misc. No. 20-1594(d), authorizing the renewed interception of wire and electronic communications occurring over 412-216-0999, utilized by CHARLAN; authorizing the initial interception of wire and electronic communications occurring over 209-277-4531, utilized by RAZO.  The interception of those wire and electronic communications over 412-216-0999 began on April 7, 2021 and is scheduled to expire at midnight on May 6, 2021, 30 days after the interception of communications began. The interception of wire and electronic communications over 209-222-4531 began on April 8, 2021 and was scheduled to expire at midnight on May 7, 2021, 30 days after the interception of communications began.  However, from April 8, 2021 through April 21, 2021, there no communications were intercepted over 209-277-4531. Your Affiant believes that RAZO stopped using 209-277-4531 as a result of the arrest of his methamphetamine supplier, Benjamin MEDINA, by DEA agents in the Eastern District of California on April 5, 2021.   Because there were no intercepted communications, agents terminated the wiretap, and the discs for TARGET TELEPHONE 9 were sealed on April 21, 2021.

16.     Pursuant to that Order, agents intercepted the following communications, which further evidences the **TARGET PARCEL**'s association with the HILLEBRAND DTO and that its contents likely contain narcotics:

17.     On April 14, 2021, at approximately 4:19 PM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating, "You trying to stick with 10 lbs or u wanna do 20?."  Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN asked DOUGHERTY if DOUGHERTY wanted to purchase either 10 or 20 pounds of methamphetamine on his next transaction.

18.     On April 14, 2021, at approximately 8:49 PM, CHARLAN, utilizing 412-216-0999, received an incoming text from DOUGHERTY utilizing the 412-328-0250, stating, "I'm down for 20 by the way."  Based on your Affiant's training, experience, and knowledge of this investigation, I believe DOUGHERTY advised CHARLAN that DOUGHERTY wanted to order 20 pounds of methamphetamine.

19.     On April 15, 2021, at approximately 3:17 PM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating, "I'm trying to get this kream[1] to u but I like to be sure to be paid up before I send more of this stuff you know." Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised DOUGHERTY that DOUGHERTY needed to pay CHARLAN the money that DOUGHERTY owed to CHARLAN from a previous narcotics transaction before CHARLAN would mail DOUGHERTY more methamphetamine.

---

[1] Your Affiant is aware that the members of the HILLEBRAND DTO refer to methamphetamine as "cream" or "kream."  Specifically, parcels that have been referred to as containing "cream" or "kream" by the Organization have been seized and found to contain methamphetamine.

20.     On April 18, 2021, at approximately 11:55 PM, CHARLAN, utilizing 412-216-0999, received an incoming text from DOUGHERTY utilizing the 412-328-0250, stating, "You wanna do get that headed my way tomorrow?"  Based on your Affiant's training, experience, and knowledge of this investigation, I believe DOUGHERTY asked CHARLAN if CHARLAN planned on mailing DOUGHERTY a shipment of methamphetamine the following day.

21.     On April 19, 2021, at approximately 12:05 AM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating, "Yeah that's what I'm working on now."  Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised DOUGHERTY that CHARLAN was make arrangements to receive a large quantity of methamphetamine.

22.     On April 19, 2021, at approximately 12:05 AM, CHARLAN, utilizing 412-216-0999, received an incoming text from DOUGHERTY utilizing the 412-328-0250, stating,

"235 East Main St Floor 2
Carnegie, PA. 15106
Male."

23.     Based on your Affiant's training, experience, and knowledge of this investigation, I believe DOUGHERTY advised CHARLAN to mail a shipment of methamphetamine to 235 East Main Street, Floor 2 located in Carnegie, PA. 15106.

24.     On April 19, 2021, at approximately 12:35 AM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to MALDONADO utilizing the 209-641-2752, stating, "Bro I could probably front 21 from him if he got it lol."  Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised MALDONADO, who investigators know is a co-conspirator of CHARLAN's who obtains methamphetamine from suppliers and packages the methamphetamine for shipment to the Western District of

Pennsylvania, that CHARLAN would order 21 pounds of methamphetamine from MALDONADO's supplier if the supplier had it available.

25.     On April 19, 2021, at approximately 1:39 AM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating, "Ok Send me a second add." Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN asked DOUGHERTY to send CHARLAN a second address to receive a second shipment of methamphetamine.

26.     On April 19, 2021, at approximately 1:39 AM, CHARLAN, utilizing 412-216-0999, received an incoming text from DOUGHERTY utilizing the 412-328-0250, stating, "You just sending both tomorrow?" Based on your Affiant's training, experience, and knowledge of this investigation, I believe DOUGHERTY asked CHARLAN if CHARLAN was going to mail DOUGHERTY two parcels of methamphetamine.

27.     On April 19, 2021, at approximately 1:54 AM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating, "Yeah my cousin gonna box them up now." Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised DOUGHERTY that MALDONADO was packing the methamphetamine in two separate parcels to be mailed.

28.     On April 20, 2021, at approximately 12:13 AM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to MALDONADO utilizing the 412-328-0250, stating, "Ok. But I can send Chris to pick up the two boxes in the am?" Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN asked MALDONADO if the methamphetamine was packaged into two boxes so he could send his courier, who Investigators know to be a co-conspirator named Chris ROBERSTON, to pick up the

9

methamphetamine and to mail it to DOUGHERTY.

29.     On April 20, 2021, at approximately 1:26 PM, CHARLAN, utilizing 412-216-0999, received an incoming text from DOUGHERTY utilizing the 412-328-0250, stating,

> "208 Hull Run Rd
> Wayneburg, PA 15370
> Male."

30.     Based on your Affiant's training, experience, and knowledge of this investigation, I believe DOUGHERTY advised CHARLAN to mail the methamphetamine to 208 Hull Run Road in Waynesburg, PA 15370, and that the recipient name should be a male's name.  Your Affiant is aware the **TARGET PARCEL** is addressed to Tyler Garringer at 208 Hull Run Rd, Waynesburg, PA 15370.

31.     On April 20, 2021, at approximately 1:27 PM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to DOUGHERTY utilizing the 412-328-0250, stating,

> "Tyler Garringer
> 208 Hull Run Road
> Waynesburg, PA. 15370"

32.     Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised DOUGHERTY that CHARLAN was mailing the methamphetamine to Tyler Garringer at 208 Hull Run Rd, Waynesburg, PA 15370. Your Affiant is aware the **TARGET PARCEL** is addressed to Tyler Garringer at 208 Hull Run Rd, Waynesburg, PA 15370.

33.     On April 20, 2021, at approximately 4:34 PM, CHARLAN, utilizing 412-216-0999, placed an outgoing text to ROBERTSON utilizing the 775-437-8044, stating,

> " From
>
> Austin Garringer

1081 McGee Drive

Reno, NV. 89523

To

Tyler Garringer

208 Hull Run Road

Waynesburg, PA. 15370."

34.     Based on your Affiant's training, experience, and knowledge of this investigation, I believe CHARLAN advised ROBERTSON to mail the methamphetamine to 208 Hull Run Rd, Waynesburg, PA 15370.  Your Affiant is aware the receiving address of the **TARGET PARCEL** is Tyler Garringer 208 Hull Run Rd, Waynesburg, PA 15370.

35.     I believe, based on my training and experience and knowledge of this investigation, that the **TARGET PARCEL** possess characteristics of the HILLEBRAND DTO profile and contains methamphetamine.

### C.     NARCOTICS K-9 POSITIVELY ALERTED ON THE TARGET PARCEL

36.     In view of the foregoing, the **TARGET PARCEL** was subjected to examination by drug canine dog, "Solo."[2]  Solo and his handler, Allegheny County K-9 Police Officer/DEA TFO Steven Dawkin, was requested to conduct an examination of the **TARGET PARCEL** with Solo.  TFO Dawkin informed me that Solo has been used in numerous police searches and in training exercises and has shown a high proficiency in locating hidden drugs.

---

[2] Solo is certified as a drug detection dog for marijuana, cocaine, heroin, methamphetamine, oxycontin, and ecstasy.  A certification of Officer Dawkin and Solo is attached hereto as Exhibit 2.

37.     On April 22, 2021, Solo examined the **TARGET PARCEL**.  According to Officer Dawkin, Solo positively alerted to the suspicious package, indicating the presence of controlled substances within it, at approximately 9:07 AM.

38.     If approved, the search warrant that is being requested herein will be executed on the **TARGET PARCEL** in the Western District of Pennsylvania.  If controlled substances are found inside, then then law enforcement officers will seize the contents of the parcel and the parcel information will be submitted for subsequent future investigations.

## IV.     <u>CONCLUSION</u>

39.     Based upon my training, experience, and expertise as a Special Agent, I submit there is probable cause to search the **TARGET PARCEL** (United States Priority Mail bearing USPS tracking number 9505 5100 4992 1110 3398 96) for controlled substances and other evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and Title 18, United States Code, Section 1716.

The above information is true and correct to the best of my knowledge, information and belief.

/s/Adam E. Gaab
Special Agent Adam E. Gaab
U.S. Postal Service – Office of Inspector General

Sworn to before me *telephonically*
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 23rd day of April 2021.

_____
HONORABLE PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE
Western District of Pennsylvania

From:

To:

USPS Label
Printed 04/21/21 18:05:17
Workstation ID:SEN113082
PIT
GBLYYL TBBL

UNITED STATES
POSTAL SERVICE

**P**  Retail

**US POSTAGE PAID**
**$59.80**  Origin: 89431
04/20/21
31824004313

**PRIORITY MAIL 3-DAY®**

12 Lb 15.0 Oz
**1004**

EXPECTED DELIVERY DAY: 04/24/21

R001

SHIP
TO:
208 HULL RUN RD
Waynesburg PA 15370-2692

**USPS TRACKING® #**

9505 5100 4992 1110 3398 96

**PRIORITY**
★ **MAIL** ★

UNITED STATES
POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Austin Garringer
1081 McGee Dr
Reno, NV 89523

TO:

Tyler Garringer
208 Hull Run Rd.
Waynesburg, PA
15370

Label 228, March 2016        FOR DOMESTIC AND INTERNATIONAL USE

15370
00
PIT
04/21/21
RNO -> 5X-SDFX
SHP: 013
LV-RNO 04:10
AR-PIT 23:36
GBLYYL7BBLL3



# North American Police Work Dog Association

*This is to certify that*

## Steven W. Dawkin and K9 Solo

*has achieved the high standards set forth by, and to the satisfaction of the North American Police Work Dog Association. This accreditation is only valid when this Police K9 Team is being utilized through direct assignment from their law enforcement employer.*

*Let it be known that on the*

18       *day of*   January       2021

*we do approve accreditation for*

Narcotics Detection Team- Odors of: Marijuana, Cocaine, Heroin, Methamphetamine and Ecstasy.

James (Pat) Moloney
**Master Trainer**
Void if membership not current. Expires 1 yr. from accreditation date.

Nº  46353

Richard L. Ashakumma
*President*

© GOES 34625

LITHO IN U.S.A.